## The People of the State of Illinois, Defendant in Error, v. Edward Jackson, Plaintiff in Error.

## Gen. No. 18,647.

CONTEMPT—*where contempt is direct.* Where one induces a witness who is in the hallway adjoining the court room waiting to be called to testify, to go to a saloon and stay away from the courthouse, he is guilty of a direct contempt committed in tne presence of the court.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 6, 1913.

DAY & GUENTHER, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

We are asked to reverse an order entered by a judge of the Municipal Court, holding Edward Jackson, plaintiff in error, to be in contempt of court and imposing punishment therefor.

The material facts giving rise to the order of court are substantially as follows:  On June 14, 1912, one Leon Stoll was the complaining witness in a case upon the trial calendar of the judge sitting in the criminal branch of the Municipal Court of Chicago, and was in attendance in the court room for the purpose of testifying therein.  After a while he left his seat in the court room and went into the corridor adjoining the court room, and from there into the main corridor; that while he was in the main corridor Edward Jackson, the plaintiff in error, approached him and asked him to go down stairs and have a drink; that he entered the elevator with Jackson, and that they went

into a saloon in the neighborhood of the Criminal Court building and had some drinks. Jackson then procured an automobile and invited the witness to take a ride with him. They rode for an hour or two, and Jackson told Stoll that the case in which he (Stoll) had been subpoenaed had been continued. Jackson at the same time gave Stoll $50 in currency. Jackson left the witness about two o'clock P. M., and the witness then went to his home and was not present in court at two o'clock P. M., at which time the case had been set for trial.

The points urged as grounds for reversal are all comprehended in the conclusion of this court as to whether such conduct on the part of Jackson was a direct or a constructive contempt. If it is a direct contempt no complaint was necessary and the proceedings were regular. We are of the opinion that the conduct of the plaintiff in error, as above described, was a direct contempt committed in the presence of the court.

It is said in Cyc., volume 9, page 19: "The court is present in every part of the place set apart for its use and for the use of its officers, jurors, and witnesses, and therefore misbehavior in such places is misconduct in the presence of the court."

Ex parte Savin, 131 U. S. 267, is a case directly in point, where the facts are practically the same as here, Savin having attempted in the jury room and the hallway of the court house, but some distance from the court room, to intimidate a witness. The Supreme Court said in its opinion "The jury room and the hallway, where the misbehavior occurred, were parts of the place in which the court was required by law to hold its sessions." And the opinion again proceeds: "If, while Flores was in the court room waiting to be called as a witness, the appellant had attempted to deter him from testifying on behalf of the government, or had there offered him money not to testify against Goujon, it could not be doubted

that he would have been guilty of misbehavior in the presence of the court, although the judge might not have been personally cognizant at the time of what occurred. But if such attempt and offer occurred in the hallway, just outside of the court room, or in the witness room, where Flores was waiting, in obedience to the subpoena upon him, or pursuant to the order of the court, to be called into the court room as a witness, must it be said that such misbehavior was not in the presence of the court? Clearly not.''

In Fisher v. McDaniel, 9 Wyo. 457, the attempt to influence a witness occurred in the hall of the courthouse, and this was held to be a contempt committed in the presence of the court. Our own Supreme Court in Dahnke v. People, 168 Ill. 106, held contempts to be direct which are committed ''so near to the court as to interrupt its proceedings.'' To the same effect are other reported cases, which it is unnecessary to cite. The cases cited by counsel for plaintiff in error have to do with facts so different from those before us as to render such citations of little assistance to the court. It is urged that Kyle v. People, 72 Ill. App. 171, is similar on the facts. In the Kyle case the facts said to constitute the contempt were that an attorney engaged in the trial of a case was asked by Kyle ''if they wished to win the case;'' and afterwards in the hallway Kyle said ''that he knew two jurors in the front row.'' The opinion rendered indicates considerable doubt as to whether any contempt had been committed, and holds that a direct contempt proceeding is reviewable, and reverses the judgment on the ground that the order of judgment was improper in that Kyle's guilt had not been shown. We cannot consider the decision in that case as affecting our conclusion upon the facts before us.

The judgment will be affirmed.

*Affirmed.*